Judge Mills
delivered the Opinion of the Court.
The appellee, by her next friend, brought her action of detinue against the appellant, for a negro man slave, to which action the appellant pleaded non detinet.
On the trial the appellee gave evidence that, when she was three or four years of age, she was taken on a visit to her paternal grandfather’s dwelling, in 1808. While there, the grandfather presented to her the negro boy slave in question, about the same age with herself; that her father took the slave into custody for his child, brought him home and kept him as other slaves till 1819, when be died, and that Ills administrators, of whom his widow was one, did not, aware of the appellee’s claim, place the *31 lave in the inventory of his estate; and that her .¡other afterwards continued to hire out the slave ,'ir the benefit of the appellee, until he was taken .) execution issued on a judgment against the.adlinistrators of the father, and sold, when one Enos laniel became the purchaser, and sold the slave to he appellant. It also appeared that this purchaser ;as a witness before an inquest called by the sheriff o try the right of property before the sale — he here deposed that the slave in the family of the ■ither of tire appellee was always counted the proprty of the appellee; — that, in the name of tire ap>e!lee and her mother, he forbade the sale while it vas progressing, and then bid off lire slave, and boasted that be had done more for the appellee, who was his niece, by purchasing the slave for her, than any of her connexions. The rest of the evidence given on the trial was of the impeaching or corroborating character.
Instructions moved and overruled, & exception.
Where a gift is made to au infant, and the father takes the possession, he holds as natural guardian, and the possession is (he infant’s, aud so the case not within the statute to subject (lie property to the creditors; of the father.
The counsel for the appellant moved the court to instruct the jury, that if the father of tire appellee had been in possession of the slave for more than five years before his death, there being no evidence of a gift in writing, the pretended gift to the appellee was fraudulent and void as to tire creditors of the father, and that the slave was subject to the judgment and execution by virtue of which he was sold. The court refused this instruction, and the appellant excepted; and tire verdict and judgment having been rendered against Slim, he has brought the case to this court.
We conceive, with the court below, that the instruction asked ought not to have been given, it was an attempt to induce the court to decide, that the case came within that section of the act to prevent frauds and perjuries which vitiates loans or grants for more than five years, when the reservation is not made in writing. This is- not a loan or a grant from the father to tho child, he remaining the ostensible owner. It is neither a loan nor a gift from the grandfather to tire father, but a positive gift to the grand child. Neither the creditors of the grandfather nor of the grandchild have disturbed the title, bat tho creditors of lire father te *32 whom the slave was never given or loaned, bat in whose custody the slave remained from necessity, as the natural guardian of the child, who was not able to protect her own interests. The possession of the father must then be considered as the possession of the child. And although this possession being apparently in the father might give him a delusive credit, yet subjecting the sla^e to his debts would punish the child, for an offence in which she had no participation, and present the absurdity of taking her property from the custody of him to whom the law gave it, for her, and subjecting it to his debts.
Motion for new trial •overruled.
Bibb for appellant^ Haggin for defendant.
The only remaining question is the propriety of the decision of the court below, in overruling a motion for new a trial, because the verdict was against both law and evidence. We have answered the law of die case already — and as to the evidence, it was a matter peculiarly proper for the decision of the jury, and we cannot say that they have decided wrongfully.
The judgment must be affirmed with costs and damages on the damages given below.